JUDGE WOODS

20 CV 6368

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW HILL LLC, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, ELSEVIER INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 63 d/b/a 1STEBOOKS.COM, AONIE.CLUB, AQUICKSHOP.ONLINE, ATISO.CLUB, BIGDADYSTORES.COM, BOOKSCHEAP.ORG, BOOKSPERSONALLY.COM, CAPOSEL.MYSHOPIFY.COM, CCBOOKS.ORG, COLLEGE2BOOK.COM, DERORA.ONKINGSHOP.COM, DIGITALBOOK4YOU.COM, DIGITALBOOKDRIVE.COM, DUMANUS.COM, EBOOK4MART.COM, EBOOKALL.STORE, EBOOKANDLIFE.COM, EBOOK-MALL.COM, EBOOKMAR.COM, EBOOKSMODA.COM, EBOOKSSHELF.COM, EBOOKSSTUFF.CO, EBOOKTESTBANK.COM, EBOOKTHINGS.NET, EBOOKTODAY.NET, EBOOKTODAY.STORE, EBOOKUS.STORE, EBOOKVIP.STORE, ENENT.MYSHOPIFY.COM, EVELYN.ONKINGSHOP.COM, FALCOUS.MYSHOPIFY.COM, GENTER.STORE, GETXT.NET, GILDANVIETNAM.COM, GOLDENBUUKS.MYSHOPIFY.COM, GRUTINA.SHOP, GUZGUZ.CLUB, IBOOKSTOREHUB.COM, ICONOVER.COM, INTELLIGENTLEARNERCLUB.COM, LLERSAND.XYZ, MEGAEBOOKS.INFO, MONONUS.COM, MOSAC.CLUB, MUTRIM.MYSHOPIFY.COM, MYMOMOXSTORE.MYSHOPIFY.COM, NGHIGIFT.COM, PDF4COLLEGES.COM, PDF4SCHOOL.COM, PENNYMAC.CLUB, PIXAREBOOK.STORE, RELIABLEOUTLETS.COM, RUZSSOS.XYZ, SEKO.CLUB, STDBOOKS.COM, | **Civil Action No.** <br><br> [PROPOSED] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) EXPEDITED DISCOVERY ORDER; AND 4) ALTERNATE SERVICE ORDER ("EX PARTE ORDER") |

| SUGISE.MYSHOPIFY.COM, UNIBOOKMASTER.COM, VITALEBOOK.NET, VITALEBOOK.STORE, WEBBOOK.STORE, WEYCO.CLUB, ZBOOKLIFE.COM, and ZSTAPLESS.COM, |
|---|

Defendants.

## EX PARTE ORDER

Plaintiffs McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC, Cengage Learning, Inc., Elsevier Inc., and Pearson Education, Inc. (collectively, "Plaintiffs") have moved *ex parte*, pursuant to, *inter alia,* Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. §§ 6201 *et al.* against Defendants Does 1 – 63 (collectively, "Defendants"), doing business as, respectively, 1stebooks.com, aonie.club, aquickshop.online, atiso.club, bigdadystores.com, bookscheap.org, bookspersonally.com, caposel.myshopify.com, ccbooks.org, college2book.com, derora.onkingshop.com, digitalbook4you.com, digitalbookdrive.com, dumanus.com, ebook4mart.com, ebookall.store, ebookandlife.com, ebook-mall.com, ebookmar.com, ebooksmoda.com, ebooksshelf.com, ebooksstuff.co, ebooktestbank.com, ebookthings.net, ebooktoday.net, ebooktoday.store, ebookus.store, ebookvip.store, enent.myshopify.com, evelyn.onkingshop.com, falcous.myshopify.com, genter.store, getxt.net, gildanvietnam.com, goldenbuuks.myshopify.com, grutina.shop, guzguz.club, ibookstorehub.com, iconover.com, intelligentlearnerclub.com, llersand.xyz, megaebooks.info, mononus.com, mosac.club, mutrim.myshopify.com, mymomoxstore.myshopify.com, nghigift.com, pdf4colleges.com, pdf4school.com, pennymac.club, pixarebook.store, reliableoutlets.com, ruzssos.xyz, seko.club, stdbooks.com, sugise.myshopify.com, unibookmaster.com, vitalebook.net, vitalebook.store, webbook.store, weyco.club, zbooklife.com, and zstapless.com (the "Infringing Sites"), for 1) a

2

temporary restraining order, 2) an order to show cause why a preliminary injunction should not issue, 3) an order authorizing expedited discovery, and 4) an order authorizing alternate service by electronic mail (the "Application"). Plaintiffs so move the Court on the basis that Defendants are reproducing and/or distributing unauthorized electronic copies of Plaintiffs' copyrighted textbooks and using in commerce unauthorized identical (or substantially indistinguishable) copies of Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' reproduction, distribution, offering for sale, and/or sale of unauthorized electronic copies of Plaintiffs' textbooks ("Infringing eBooks"), including via the Infringing Sites.

2. The reproduction, distribution, advertisement, offering for sale, and/or sale of the Infringing eBooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

3. The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights and trademarks if a temporary restraining order is not issued. Defendants are not harmed by being prevented from continuing to profit from illegal and infringing activities.

4. Public interest favors issuance of a temporary restraining order in order to protect

Plaintiffs' interests in and to their respective copyrights and trademarks, and to protect the public from being deceived and defrauded by Defendants' infringing copies of Plaintiffs' textbooks.

5. If Defendants are given notice of the Application prior to the time set forth below, they are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from their sales of infringing copies of Plaintiffs' textbooks, thus preventing Plaintiffs from obtaining the final relief they seek.

6. Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of the Defendants, obtain the information necessary to effectuate the asset freeze, and ultimately proceed with their claims and obtain the final relief they seek.

7. Service on Defendants by electronic mail to the addresses used by Defendants to conduct the business on their Infringing Sites is reasonably calculated to provide actual notice of Plaintiffs' claims to Defendants.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on August 25 2020, at 2:00 ~~a.m.~~/p.m. telephonically, pursuant to instructions that will issue from the Court, ~~[or in Courtroom _____ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York,~~] to show cause why an order, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and

4

all those in active concert or participation with any of them who receive actual notice of the order, in a manner substantially similar to the relief provided herein.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to publisher.lawsuit@oandzlaw.com, on or before August 21, 2020, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before August 24, 2020.

IT IS FURTHER ORDERED that any third party provided with notice of this *Ex Parte* Order for purposes of compliance with its terms shall not disclose in sum or substance the *Ex Parte* Order to Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, until Plaintiffs have filed proof of service of the *Ex Parte* Order on Defendants on the case docket as provided in the Alternative Service Order below.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Textbooks"), i.e., any copyrighted work published under any of the imprints identified on

5

    Exhibit A to the Complaint (attached hereto as Appendix A) (the "Imprints");

b)  Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit C to the Complaint and/or associated with the Imprints ("Plaintiffs' Marks");

c)  Directly or indirectly copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Textbooks or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

d)  Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Textbooks or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

e)  Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, domain name server, content delivery network, payment processing service, or any other service provider that supports the Infringing Sites in a

similar manner as the above-listed services or otherwise enables, facilitates, permits, assists, solicits, encourages, or induces the infringement of Plaintiffs' Textbooks or Plaintiffs' Marks, as set forth in subparagraphs (a) through (d) above;

f) Transferring ownership or control of the websites, domain names, or accounts associated with Defendants' Infringing Sites; and

g) Displaying in search results, including, but not limited to, removing links to the Infringing Sites from any search index.

2. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, and service providers to Defendants or other third parties who receive actual notice of this Temporary Restraining Order and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Textbooks ("Defendants' Accounts"), must immediately locate all Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include but are not limited to: (i) Defendants' accounts in connection with PayPal Inc., Stripe, Inc., Square, Shopify, and other providers of payment processing services to the Infringing Sites; and (ii) Defendants' accounts with banks, financial institutions, or payment processing companies not covered by the preceding 2(i) ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants or the Infringing Sites.

IT IS FURTHER ORDERED that Defendants shall preserve copies of all computer files relating to the use of any of the Infringing Sites and shall take all steps necessary to retrieve computer files relating to the use of the Infringing Sites that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by order of the Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall no longer apply to any Defendant or Infringing Sites dismissed from this action.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $10,000, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT IS FURTHER ORDERED that restrained third parties and/or third parties from whom Plaintiffs seek expedited discovery as set forth in the Expedited Discovery Order below shall not provide Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, with notice of this *Ex Parte* Order until Plaintiffs have notified such third parties that Defendants have been served with the *Ex Parte* Order. Within two (days) of serving Defendants with the *Ex Parte* Order, as set forth in paragraph 3 of the Alternative Service Order below, Plaintiffs shall notify third parties with whom they have provided notice of this *Ex Parte* Order and/or sought Expedited Discovery hereunder that service upon Defendants has been effected.

## **EXPEDITED DISCOVERY ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that

1.  Within two (2) days of receiving actual notice of this *Ex Parte* Order, Defendants, their officers, agents, servants, employees, and attorneys, and any individual or entity providing services to Defendants' Infringing Sites, or to Defendants in connection with those activities referred to in paragraphs 1(c) through (g) of the Temporary Restraining Order, shall provide to Plaintiffs' counsel, via email to vivian@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the United States or abroad:

   a)  All names, physical addresses, email addresses, and Internet Protocol ("IP") addresses associated with Defendants or the Infringing Sites;

   b)  Any other websites or domain names associated with or related to Defendants or the Infringing Sites, along with all names, physical addresses, email addresses, and IP addresses associated with such websites and/or domain names;

   c)  Information regarding Defendants' Accounts with Financial Institutions, including the identity and location of the Financial Institution; complete account numbers; all names, physical addresses, email addresses, and IP addresses associated with Defendants' Accounts; and account balance information.

2.  Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from relevant third parties, who shall provide within no more than five (5) days of service of the requests or subpoena, the following information, regardless of whether

such information physically resides in the United States or abroad:

    a. Defendants' inventory of Plaintiffs' Textbooks, including the relevant title, ISBN, and location of such inventory;

    b. Defendants' sales of Plaintiffs' Textbooks from August 1, 2017 to the present, including Defendants' gross revenues received and, for each transaction, the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state;

    c. Upload logs and download logs or similar documents concerning Defendants' accounts and Plaintiffs' Textbooks, including the date and time of the uploads/downloads, and the name of the files uploaded/downloaded;

    d. Search engine keywords and online advertisements utilized from August 1, 2017 to the present, including amounts paid for the keywords and/or advertisements purchased;

    e. Account statements and/or similar transaction detail for Defendants' Accounts with Financial Institutions from August 1, 2017 to the present; and

    f. With respect to a Financial Institution, information concerning its connection to the United States, including but not limited to information concerning U.S. dollar wire transfers to and from other countries as well as properties owned, correspondent accounts, acquiring banks, and settlement accounts in the United States and/or used by Defendants.

3. It is further ordered that Plaintiffs may immediately issue expedited discovery requests and/or subpoenas seeking the inspection of Plaintiffs' Textbooks held in inventory by a Defendant or by a third party on behalf of or in association with a Defendant. Plaintiffs and

Defendants and, if applicable, any third parties, shall work cooperatively to coordinate the inspection of Plaintiffs' Textbooks within five (5) days of Plaintiffs' request.

## **ALTERNATE SERVICE ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 5 and N.Y. C.P.L.R. § 308, service of process may be made on and shall be deemed effective as to Defendants by email to Defendants' email addresses associated with the Infringing Sites as identified in Appendix B hereto ("Defendants' Email Addresses");

2. Plaintiffs may carry out alternate service of process as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal site to access .pdf copies of: 1) this *Ex Parte* Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application.

3. Plaintiffs shall provide notice of this *Ex Parte* Order and Plaintiffs' papers in support of the Application to Defendants' Email Addresses within five (5) days of disclosure of all discovery sought concerning Defendants' Accounts with Financial Institutions as provided in the Expedited Discovery Order, but in no event later than thirteen (13) days from the date of this *Ex Parte* Order. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

It is SO ORDERED this 12 day of August, 2020, at 4:35 a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE

Part I

11