# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

MCGRAW HILL LLC, BEDFORD, FREEMAN &
WORTH PUBLISHING GROUP, LLC d/b/a
MACMILLAN LEARNING, CENGAGE
LEARNING, INC., ELSEVIER INC., and
PEARSON EDUCATION, INC.,

     Plaintiffs,

  v.

DOES 1 - 63 d/b/a 1STEBOOKS.COM,
AONIE.CLUB, AQUICKSHOP.ONLINE,
ATISO.CLUB, BIGDADYSTORES.COM,
BOOKSCHEAP.ORG,
BOOKSPERSONALLY.COM,
CAPOSEL.MYSHOPIFY.COM, CCBOOKS.ORG,
COLLEGE2BOOK.COM,
DERORA.ONKINGSHOP.COM,
DIGITALBOOK4YOU.COM,
DIGITALBOOKDRIVE.COM, DUMANUS.COM,
EBOOK4MART.COM, EBOOKALL.STORE,
EBOOKANDLIFE.COM, EBOOK-MALL.COM,
EBOOKMAR.COM, EBOOKSMODA.COM,
EBOOKSSHELF.COM, EBOOKSSTUFF.CO,
EBOOKTESTBANK.COM, EBOOKTHINGS.NET,
EBOOKTODAY.NET, EBOOKTODAY.STORE,
EBOOKUS.STORE, EBOOKVIP.STORE,
ENENT.MYSHOPIFY.COM,
EVELYN.ONKINGSHOP.COM,
FALCOUS.MYSHOPIFY.COM, GENTER.STORE,
GETXT.NET, GILDANVIETNAM.COM,
GOLDENBUUKS.MYSHOPIFY.COM,
GRUTINA.SHOP, GUZGUZ.CLUB,
IBOOKSTOREHUB.COM, ICONOVER.COM,
INTELLIGENTLEARNERCLUB.COM,
LLERSAND.XYZ, MEGAEBOOKS.INFO,
MONONUS.COM, MOSAC.CLUB,
MUTRIM.MYSHOPIFY.COM,
MYMOMOXSTORE.MYSHOPIFY.COM,
NGHIGIFT.COM, PDF4COLLEGES.COM,
PDF4SCHOOL.COM, PENNYMAC.CLUB,
PIXAREBOOK.STORE,
RELIABLEOUTLETS.COM, RUZSSOS.XYZ,

Civil Action No.


**COMPLAINT FOR:**

1. **COPYRIGHT**
   **INFRINGEMENT**
   **(17 U.S.C. § 101, *et seq.*); and**
2. **TRADEMARK**
   **INFRINGEMENT AND**
   **COUNTERFEITING**
   **(15 U.S.C. § 1114)**


**DEMAND FOR JURY TRIAL**

SEKO.CLUB, STDBOOKS.COM,
SUGISE.MYSHOPIFY.COM,
UNIBOOKMASTER.COM, VITALEBOOK.NET,
VITALEBOOK.STORE, WEBBOOK.STORE,
WEYCO.CLUB, ZBOOKLIFE.COM, and
ZSTAPLESS.COM,

          Defendants.

Plaintiffs McGraw Hill LLC, Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., and Pearson Education, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file their Complaint against Defendants Does 1 – 63 (collectively, "Defendants"), doing business as, respectively, 1stebooks.com, aonie.club, aquickshop.online, atiso.club, bigdadystores.com, bookscheap.org, bookspersonally.com, caposel.myshopify.com, ccbooks.org, college2book.com, derora.onkingshop.com, digitalbook4you.com, digitalbookdrive.com, dumanus.com, ebook4mart.com, ebookall.store, ebookandlife.com, ebook-mall.com, ebookmar.com, ebooksmoda.com, ebooksshelf.com, ebooksstuff.co, ebooktestbank.com, ebookthings.net, ebooktoday.net, ebooktoday.store, ebookus.store, ebookvip.store, enent.myshopify.com, evelyn.onkingshop.com, falcous.myshopify.com, genter.store, getxt.net, gildanvietnam.com, goldenbuuks.myshopify.com, grutina.shop, guzguz.club, ibookstorehub.com, iconover.com, intelligentlearnerclub.com, llersand.xyz, megaebooks.info, mononus.com, mosac.club, mutrim.myshopify.com, mymomoxstore.myshopify.com, nghigift.com, pdf4colleges.com, pdf4school.com, pennymac.club, pixarebook.store, reliableoutlets.com, ruzssos.xyz, seko.club, stdbooks.com, sugise.myshopify.com, unibookmaster.com, vitalebook.net, vitalebook.store, webbook.store, weyco.club, zbooklife.com, and zstapless.com (the "Infringing Sites" or "Sites"). Defendants operate infringing online bookstores selling electronic, pirated copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks"). Defendants further infringe Plaintiffs' federally registered trademarks in connection with their sale and offering for sale of the Infringing eBooks. Plaintiffs allege as follows on personal knowledge as to matters relating to themselves and on information and belief as to all other matters.

## NATURE OF THE CASE

1.      Plaintiffs are providers of higher-education textbooks and tailored learning solutions in the United States.  In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and learning institutions providing quality content and assessment material in physical, digital, and multi-media formats.

2.      Without any authorization or license to do so, Defendants willfully reproduce Plaintiffs' eBooks, which are protected by U.S. copyright registrations, and sell and distribute them to customers throughout the United States (and elsewhere), including in New York.

3.      Defendants further use in connection with the sale and/or offering for sale of the Infringing eBooks spurious and identical (or substantially indistinguishable) copies of Plaintiffs' federally registered trademarks, causing confusion to consumers concerning the true source of the Infringing eBooks.

4.      Defendants rely on online advertising services, most notably those provided by Google, to offer consumers searching for Plaintiffs' textbooks inexpensive and illegitimate copies of those textbooks.  Defendants' paid advertisements for their Infringing eBooks are displayed prominently at the top of search results and lure consumers away from legitimate sources of textbooks.

5.      Hiding behind the anonymity of the internet, Defendants sell their Infringing eBooks through their Infringing Sites, without revealing, and many cases actively concealing, their true identities.

6.      Defendants' infringing activity causes financial and reputational harm to Plaintiffs. Plaintiffs bring this action for injunctive relief and damages to stop and seek redress for Defendants' knowing and willful copyright and trademark infringement.

## PARTIES

### The Plaintiff Publishers

7.     Plaintiff McGraw Hill LLC ("McGraw Hill") is a Delaware limited liability company, with its principal place of business at 1325 Avenue of the Americas, 12th Floor, New York, New York 10019.

8.     Plaintiff Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning") is a New York limited liability company with its principal place of business at One New York Plaza, New York, New York 10004, and is wholly owned by Macmillan Holdings, LLC, also a New York limited liability company.

9.     Cengage Learning Inc., formerly Thomson Learning Inc. ("Cengage"), is a Delaware corporation, with its principal place of business at 200 Pier Four Boulevard, Boston, Massachusetts 02210, as well as an office located in Clifton Park, New York.

10.     Plaintiff Elsevier Inc. ("Elsevier") is a Delaware corporation, with its principal place of business at 230 Park Avenue, Suite 800, New York, New York 10169.

11.     Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation, with its principal place of business at 221 River Street, Hoboken, New Jersey 07030, as well as multiple offices located in New York.

### The Defendants

12.     Defendant Doe 1 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site 1stebooks.com.  The identity of Doe 1 is unknown to Plaintiffs. 1stebooks.com advertises on the Site that it operates out of New York, New York.

13.     Defendant Doe 2 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site aonie.club.  The identity of Doe 2 is unknown to Plaintiffs.  Aonie.club advertises on the Site that it operates out of New York, New York.

3

14.     Defendant Doe 3 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site aquickshop.online.  The identity and location of Doe 3 are unknown to Plaintiffs.

15.     Defendant Doe 4 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site atiso.club.  The identity and location of Doe 4 are unknown to Plaintiffs.

16.     Defendant Doe 5 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site bigdadystores.com.  The identity and location of Doe 6 are unknown to Plaintiffs.

17.     Defendant Doe 6 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site bookscheap.org.  The identity and location of Doe 7 are unknown to Plaintiffs.

18.     Defendant Doe 7 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site bookspersonally.com.  The identity and location of Doe 8 are unknown to Plaintiffs.

19.     Defendant Doe 8 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site caposel.myshopify.com.  The identity and location of Doe 8 are unknown to Plaintiffs.

20.     Defendant Doe 9 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ccbooks.org.  The identity and location of Doe 9 are unknown to Plaintiffs.

21.     Defendant Doe 10 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site college2book.  The identity and location of Doe 10 are unknown to Plaintiffs.

22.     Defendant Doe 11 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site derora.onkingshop.com.   The identity and location of Doe 11 are unknown to Plaintiffs.

23.     Defendant Doe 12 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site digitalbook4you.com.  The identity and location of Doe 12 are unknown to Plaintiffs.

24.     Defendant Doe 13 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site digitalbookdrive.com.  The identity and location of Doe 13 are unknown to Plaintiffs.

25.     Defendant Doe 14 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site dumanus.com.  The identity and location of Doe 14 are unknown to Plaintiffs.

26.     Defendant Doe 15 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebook4mart.com.  The identity and location of Doe 15 are unknown to Plaintiffs.

27.     Defendant Doe 16 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebookall.store.  The identity and location of Doe 16 are unknown to Plaintiffs.  Ebookall.store advertises on the Site that it has a store in New York, New York.

28.     Defendant Doe 17 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebookandlife.com.  The identity and location of Doe 17 are unknown to Plaintiffs.

29.     Defendant Doe 18 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebook-mall.com.  The identity and location of Doe 18 are unknown to

Plaintiffs.

30.     Defendant Doe 19 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebookmar.com.  The identity and location of Doe 19 are unknown to Plaintiffs.

31.     Defendant Doe 20 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebooksmoda.com.  The identity and location of Doe 20 are unknown to Plaintiffs.

32.     Defendant Doe 21 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebooksshelf.com.  The identity and location of Doe 21 are unknown to Plaintiffs.

33.     Defendant Doe 22 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebooksstuff.co.  The identity and location of Doe 22 are unknown to Plaintiffs.

34.     Defendant Doe 23 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebooktestbank.com.  The identity and location of Doe 23 are unknown to Plaintiffs.

35.     Defendant Doe 24 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebookthings.net.  The identity and location of Doe 24 are unknown to Plaintiffs.

36.     Defendant Doe 25 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebooktoday.net.  The identity and location of Doe 25 are unknown to Plaintiffs.

37.     Defendant Doe 26 is a merchant offering for sale and selling Infringing eBooks

through its Infringing Site ebooktoday.store.  The identity and location of Doe 26 are unknown to Plaintiffs.

38.     Defendant Doe 27 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebookus.store.  The identity and location of Doe 27 are unknown to Plaintiffs.

39.     Defendant Doe 28 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ebookvip.store.  The identity and location of Doe 28 are unknown to Plaintiffs.

40.     Defendant Doe 29 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site enent.myshopify.com.  The identity and location of Doe 29 are unknown to Plaintiffs.

41.     Defendant Doe 30 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site evelyn.onkingshop.com.   The identity and location of Doe 30 are unknown to Plaintiffs.

42.     Defendant Doe 31 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site falcous.myshopify.com.   The identity and location of Doe 31 are unknown to Plaintiffs.

43.     Defendant Doe 32 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site genter.store.  The identity and location of Doe 32 are unknown to Plaintiffs.

44.     Defendant Doe 33 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site getxt.net.  The identity and location of Doe 33 are unknown to Plaintiffs.

45.     Defendant Doe 34 is a merchant offering for sale and selling Infringing eBooks

through its Infringing Site gildanvietnam.com.  The identity and location of Doe 34 are unknown to Plaintiffs.

46.     Defendant Doe 35 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site goldenbuuks.myshopify.com.  The identity and location of Doe 35 are unknown to Plaintiffs.

47.     Defendant Doe 36 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site grutina.shop.  The identity and location of Doe 36 are unknown to Plaintiffs.

48.     Defendant Doe 37 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site guzguz.club.  The identity and location of Doe 37 are unknown to Plaintiffs.

49.     Defendant Doe 38 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ibookstorehub.com.  The identity and location of Doe 38 are unknown to Plaintiffs.

50.     Defendant Doe 39 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site iconover.com.  The identity and location of Doe 39 are unknown to Plaintiffs.

51.     Defendant Doe 40 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site intelligentlearnerclub.com.  The identity and location of Doe 40 are unknown to Plaintiffs.

52.     Defendant Doe 41 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site llersand.xyz.  The identity and location of Doe 41 are unknown to Plaintiffs.

53.     Defendant Doe 42 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site megaebooks.info.  The identity and location of Doe 42 are unknown to Plaintiffs.

54.     Defendant Doe 43 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site mononus.com.  The identity and location of Doe 43 are unknown to Plaintiffs.

55.     Defendant Doe 44 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site mosac.club.  The identity and location of Doe 44 are unknown to Plaintiffs.

56.     Defendant Doe 45 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site mutrim.myshopify.com.  The identity and location of Doe 45 are unknown to Plaintiffs.

57.     Defendant Doe 46 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site mymomoxstore.myshopify.com.  The identity and location of Doe 46 are unknown to Plaintiffs.

58.     Defendant Doe 47 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site nghigift.com.  The identity and location of Doe 47 are unknown to Plaintiffs.

59.     Defendant Doe 48 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site pdf4colleges.com.  The identity and location of Doe 48 are unknown to Plaintiffs.

60.     Defendant Doe 49 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site pdf4school.com.  The identity and location of Doe 49 are unknown to

Plaintiffs.

61.     Defendant Doe 50 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site pennymac.club.  The identity and location of Doe 50 are unknown to Plaintiffs.

62.     Defendant Doe 51 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site pixarebook.store.  The identity and location of Doe 51 are unknown to Plaintiffs.

63.     Defendant Doe 52 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site reliableoutlets.com.  The identity and location of Doe 52 are unknown to Plaintiffs.

64.     Defendant Doe 53 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site ruzssos.xyz.  The identity and location of Doe 53 are unknown to Plaintiffs.

65.     Defendant Doe 54 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site seko.club.  The identity and location of Doe 54 are unknown to Plaintiffs.

66.     Defendant Doe 55 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site stdbooks.com.  The identity and location of Doe 55 are unknown to Plaintiffs.

67.     Defendant Doe 56 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site sugise.myshopify.com.  The identity and location of Doe 56 are unknown to Plaintiffs.

68.     Defendant Doe 57 is a merchant offering for sale and selling Infringing eBooks

through its Infringing Site unibookmaster.com.  The identity and location of Doe 57 are unknown to Plaintiffs.

69.     Defendant Doe 58 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site vitalebook.net.  The identity and location of Doe 58 are unknown to Plaintiffs.

70.     Defendant Doe 59 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site vitalebook.store.  The identity and location of Doe 59 are unknown to Plaintiffs.

71.     Defendant Doe 60 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site webbook.store.  The identity and location of Doe 60 are unknown to Plaintiffs.

72.     Defendant Doe 61 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site weyco.club.  The identity and location of Doe 61 are unknown to Plaintiffs.

73.     Defendant Doe 62 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site zbooklife.com.  The identity and location of Doe 62 are unknown to Plaintiffs.

74.     Defendant Doe 63 is a merchant offering for sale and selling Infringing eBooks through its Infringing Site zstapless.com.  The identity and location of Doe 63 are unknown to Plaintiffs.

## JURISDICTION AND VENUE

75.     This is an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  As such, the Court has original subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

76.     The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or (3).  Defendants have transacted business and/or contracted to supply goods in New York and Plaintiffs' claims arise from those activities, and/or Defendants have committed tortious acts of infringement outside of New York causing injury to Plaintiffs in New York.  In particular, Defendants offer to sell and sell their Infringing eBooks to consumers in New York, among other states, via highly interactive websites that are continuously accessible and target, sell, and deliver goods to consumers in New York.  Further, through their online businesses, Defendants derive substantial revenue from interstate or international commerce, and Defendants expected or should reasonably have expected their infringing acts to have consequences in New York, where three Plaintiffs have their principal place of business and the other two Plaintiffs have offices.  In the alternative to the above, the Court has personal jurisdiction over some or all of the Defendants under Federal Rule of Civil Procedure 4(k).  In addition, the Court has general personal jurisdiction under N.Y. C.P.L.R. § 301 over any Defendants who are domiciled in New York, including, potentially, Does 1 and 2, who operate Infringing Sites that advertise New York, New York locations.

77.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants conduct, transact, and/or solicit business in this District.

## FACTUAL ALLEGATIONS

### A.    Plaintiffs' Textbook Businesses

78.     Plaintiffs are five of the leading educational publishers in the United States. Plaintiffs' publications include physical and digital textbooks, as well as online textbooks.  These textbooks are widely available in the United States marketplace to consumers for a fee.  They are

sold through direct sales channels and via legitimate distributors and stores, including through online sales.

79.     Plaintiffs publish their textbooks under many imprints, or brands, that are well known and highly respected.  For example, McGraw Hill's imprints include Irwin, Lange, and McGraw-Hill Higher Education; Macmillan Learning's imprints include Bedford/St. Martin's, W.H. Freeman & Company, and Worth Publishers; Cengage's imprints include Brooks Cole, Delmar, Heinle, and South-Western Educational Publishing; Elsevier's imprints include Academic Press, Butterworth Heinemann, Mosby, and Saunders; and Pearson's imprints include Addison Wesley, Allyn & Bacon, and Benjamin Cummings.  These are just some of Plaintiffs' many valuable and recognizable imprints.  **Exhibit A** includes a list of Plaintiffs' imprints for purposes of their claims against Defendants (the "Imprints").

80.     Plaintiffs invest significant time and money into publishing their textbooks.  For example, Plaintiffs devote a significant amount of resources in the creation, support, advertisement, and promotion of their textbooks in the United States.  Plaintiffs (and/or their predecessors) have also invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs, their textbooks, and their trademarks.

81.     Plaintiffs suffer significant injury when their copyrights and trademarks are infringed.  Both publishers and authors alike are deprived of income when their textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.  A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publishing one or more deserving textbooks.  This would adversely impact the creation of new

textbooks, scholarly endeavor, as well as the availability and quality of educational content in the humanities, sciences, and social sciences.

82.     Similarly, Plaintiffs advertise and promote their textbooks in the United States under their respective trademarks.   Plaintiffs' trademarks and the goodwill of the business associated with them are of tremendous value and have become associated in the public mind with each Plaintiff's reputation for publishing textbooks of the very highest quality.   Plaintiffs suffer reputational injury when their trademarks are unlawfully used in connection with the advertisement and sale of illegitimate and poor quality textbooks.

**B.     Plaintiffs' Respective Copyright and Trademark Registrations**

83.     Plaintiffs are the copyright owners of, and/or the owners of exclusive rights under copyright in, among many others, their respective works, or derivative works, described on **Exhibit B** (the "Authentic Works").   Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering their respective Authentic Works.   Exhibit B lists, by Defendant and Infringing Site, Authentic Works that Plaintiffs purchased directly from Defendants' Infringing Sites and that Defendants, therefore, unlawfully reproduced and distributed.   Exhibit B is a representative and non-exhaustive list of the copyrighted works that Defendants have infringed, however.   Given the blatantly illegal nature of Defendants' conduct and Infringing Sites, and the fact that Defendants have advertised, offered for sale, and sold unauthorized electronic copies of many of Plaintiffs' textbooks beyond those Plaintiffs purchased, Defendants have infringed copyrighted works owned or exclusively controlled by Plaintiffs beyond those listed on Exhibit B.

84.     Plaintiffs are the owners or the exclusive licensees of, among others, their respective trademarks and/or service marks described on **Exhibit C** (the "Marks").   Plaintiffs or

their predecessors or affiliates have duly registered on the Principal Register of the United States Patent and Trademark Office their respective Marks.  Plaintiffs' Marks are distinctive and arbitrary and may also be incontestable under 15 U.S.C. § 1065.  Exhibit C lists the Marks associated with the Authentic Works listed in Exhibit B.  Like Exhibit B, and for the reasons set forth above concerning Exhibit B, Exhibit C is a representative and non-exhaustive list of trademarks that Defendants have infringed, and Defendants have infringed trademarks owned or exclusively licensed by Plaintiffs beyond those listed on Exhibit C.

### C.   <u>Defendants' Piracy and the Infringing Sites</u>

85.     Textbook piracy is rampant, particularly as a result of the ease by which pirates around the world can sell their infringing textbooks to consumers using well-known and popular service providers and payment processors.  Despite Plaintiffs' and other publishers' use of Digital Rights Management or other digital security ("DRM") to protect authorized electronic versions of their copyrighted content, pirates are adept at circumventing those protections.  Accordingly, pirated textbooks are copied and distributed in PDF or other accessible electronic formats throughout the lucrative U.S. market.

86.     Defendants own, control, and/or operate the Infringing Sites, and likely others, which Defendants have used and/or continue to use in furtherance of the unlawful conduct alleged herein.   Through the Infringing Sites, Defendants engage in and profit from the sale of unauthorized electronic copies of books, including Plaintiffs' textbooks.

87.     The apparent sole objective of Defendants' Infringing Sites is to make money from infringement.  Defendants are not authorized to reproduce or distribute digital copies of Plaintiffs' textbooks or use Plaintiffs' trademarks for any purpose, including in connection with offering to sell and selling textbooks.  Nonetheless, Defendants have reproduced and distributed the Infringing

eBooks, which include unauthorized copies of Plaintiffs' Authentic Works and Plaintiffs' Marks, to the public in clear violation of Plaintiffs' intellectual property rights.

88.     The Infringing Sites are highly interactive.  Purchasers or prospective purchasers can interact with the Sites, communicate with Defendants, and complete their transactions. Searches can be made by keyword, such as by title, subject, and/or International Standard Book Number (ISBN), via the search function available on many of the Sites.  At the touch of a few keystrokes, armed with a credit card or other means of online payment, a purchaser can download unauthorized copies of Plaintiffs' and other publishers' copyrighted publications.

89.     Defendants reproduce Plaintiffs' textbooks without authorization and then store the Infringing eBooks, which are full (or in some cases nearly full, as they are missing some content) unauthorized digital copies, on computers or servers Defendants own or control.  In many cases, this is accomplished through the use of third-party cloud storage providers.  Defendants' Sites advertise that they deliver digital copies of the Infringing eBooks instantly and/or that the files delivered are compatible with any e-reader, tablet, or similar device.  Thus, shortly, if not immediately, after Defendants receive payment, Defendants send an email or other confirmation from which the purchaser can download the Infringing eBook.

90.     Defendants' Sites generally have individual "product pages" for the Infringing eBooks that they sell.  These pages contain an unlicensed image of the legitimate book's cover and advertise key features of the infringing material.  Making matters worse, Defendants often use marketing copy from Plaintiffs' own websites to promote the sale of their Infringing eBooks.  By way of  example, the first image below is a screenshot of a product page on the Infringing Site llersand.xyz, which sells infringing copies of Plaintiff Pearson's copyrighted work, *Clinical Laboratory Chemistry*, 2nd Edition.  For purposes of comparison, the second image is a screenshot

of the product page for *Clinical Laboratory Chemistry*, 2nd Edition, on Pearson's own website, which contains language describing the book that the llersand.xyz Site illegally copied and uses to promote its infringing sales.  This example also demonstrates the llersand.xyz Site's illegal use of an identical or substantially indistinguishable copy of one of Pearson's trademarks in connection with its infringing sales.





91.     Defendants hide behind the anonymity of the internet and the Infringing Sites. None of the Sites themselves reveal the names of those who are operating the Sites.  Consumers and prospective consumers are given generic email addresses as contacts.  Some of the Infringing

Sites identify physical addresses that are either fictitious or do not appear to identify the operator's actual physical location.  For example, ebooksmoda.com lists an address for a Walmart store; ebooktoday.net lists an address that does not exist; and ebooksstuff.co lists two false addresses— one for a major U.S. book distributor, Ingram Content Group, and one for an empty land plot with no buildings.

92.     While online pirates such as Defendants are notorious for, and adept at, hiding their identities and locations, including switching their service providers to avoid being shut down, Defendants currently utilize the services of a number of intermediaries, including those in the United States, in connection with their infringing activities.  In particular, certain Defendants obtain domain name registration services from companies such as GoDaddy and NameCheap; web hosting services from companies such as DigitalOcean, Google, and Shopify; proxy services from Cloudflare; and cloud storage services from companies such as Google Drive and Mega.  Further, Defendants use payment processors, such as PayPal and Stripe, to process payments for the Infringing eBooks.  Defendants then transfer their ill-gotten proceeds to banks in the United States and abroad.

93.     Some of the Infringing Sites appear to be related to each other and/or operated by the same individual or group of individuals.  While pirates often use inaccurate or fictitious contact information to register and operate their websites, certain of the Sites list identical or nearly identical contact information—be it fictitious or not—such as aonie.club and weyco.club, which use the same email address within the Sites' contact information.  The content of certain Infringing Sites also indicates they are related.  For example, derora.onkingshop.com and evelyn.onkingshop.com, as well as digitalbook4you.com and digitalbookdrive.com, are identical or nearly identical in appearance.  Similarly, bookscheap.org and ccbooks.org use identical

language to describe their companies on the Sites.

94.     Plaintiffs have made purchases of infringing copies of Plaintiffs' Authentic Works from the Infringing Sites.  Such purchases confirm that, as Defendants advertise, they provide consumers with digital copies (albeit unauthorized copies) of Plaintiffs' Authentic Works.  Many, if not all, of the files that Defendants distribute also include the copyright page contained in the Authentic Works.

95.     The Infringing eBooks distributed by the Infringing Sites are different from and/or inferior to Plaintiffs' Authentic Works.  For example, the Infringing eBook of Pearson's *Horngren's Accounting*, 12th Edition, purchased from pennymac.club is missing a cover.  The Infringing eBook of Cengage's *Foundations of Marketing*, 8th Edition, from bigdadystores.com consists of pages copied from a three-hole-punched loose leaf copy of the book.  And the Infringing eBook of Pearson's *Architecture from Prehistory to Postmodernity*, 2nd Edition, from derora.onkingshop.com consists of a low-quality scan of a used and underlined hard copy book that is also missing content.  Many consumers may not realize that such eBooks they purchase are the work of online pirates, and instead believe that the Plaintiffs' own textbooks are of inferior quality.

**D.     Defendants Use Online Advertising to Drive Traffic to Their Infringing Sites.**

96.     Defendants utilize online advertising and merchant services, such as those offered by Google, to drive traffic to the Infringing Sites and increase their illicit profits.  Defendants sell their infringing eBooks at a fraction of the retail price of Plaintiffs' legitimate textbooks, and consumers naturally favor a cheaper listing for what appears to be the same product.  In the case of Google, the Infringing Sites' illegal activity violates Google's policy prohibiting advertisements for copyrighted content that the advertiser is not authorized to use.  Nevertheless, the Infringing

Sites do just that and use online advertising to unfairly compete with Plaintiffs and legitimate distributors, displacing sales of genuine textbooks.

97.    Defendants' paid advertisements on Google are often displayed at the top of Google search results, luring consumers away from legitimate sources of Plaintiffs' textbooks. Defendants' advertisements on Google are also generally listed with the same cover image, edition, and/or author as Plaintiffs' legitimate textbooks.

98.    By way of limited example, the image below is a screenshot of the results that occurred when a user typed "business law the first course summarized case 14th edition pdf cengage ebook" in the search field at Google.com.  From the left, the first, second, third, and fifth images are advertisements for Infringing Sites mononus.com, mutrim.myshopify.com, ebookus.store (shown as "Stee Home," which links to ebookus.store), and unibookmaster.com.[1] As shown in the advertisements, these Infringing Sites are selling Cengage's copyrighted work, *Business Law: the First Course Summarized Case*, at well-below market prices, i.e., $24.99, $17.59, and $29.65.

---

[1] The TestbankBaseNew advertisement is for an illegal, pirated copy of the instructors' test bank for Cengage's book.



99.     Moreover, the Infringing Sites' advertisements often appear above but still in proximity to legitimate sources of authentic textbooks.  For example, in the screenshot above, search results for Cengage's own website are listed below, but on the same page, as the Google advertisements for the Infringing Sites.  To unsuspecting individual consumers, the listings all appear to be for legitimate copies of Cengage's textbook because they are listed with an image of the textbook's cover.  The consumer then is left to select the book he or she wants to purchase, which all too often is based solely or largely on the price offered.

100.    In another example of Google advertisements for Infringing Sites, the screenshot

below shows the results that occurred when a user typed "Lehninger ebook pdf" in the search field at Google.com.  All of the advertisements that appear in the screenshot are for Infringing Sites: nghigift.com, 1stebooks.com, derora.onkingshop.com, stdbooks.com, and caposel.myshopify.com.  These Infringing Sites sell Macmillan Learning's copyrighted work, *Lehninger Principles of Biochemistry*, for prices between $18.99 and $19.99—well below the price for the legitimate eBook.



101.    When a consumer using Google clicks the "Shopping" tab at the top of the screen, the results also contain product images, including images of Plaintiffs' textbooks in the case of Defendants' advertisements.  In the example below, in searching for "Crafting and Executing Strategy: Concepts and Readings, 20th edition ebook," the results include advertisements for the Infringing Sites mutrim.myshopify.com, ebooktestbank.com, aquickshop.online (shown as ZLibrary Extra, which links to aquickshop.online), bookspersonally.com, getxt.net, enent.myshopify.com, and ebookall.store (shown as Eball Store, which links to ebookall.store)—

all of which sell McGraw Hill's copyrighted work, *Crafting and Executing Strategy: Concepts and Readings*, for prices well below the price of the legitimate eBook.[2]

---

[2] The TestbankBaseNew advertisement is for an illegal, pirated copy of the instructors' test bank for McGraw Hill's book.





**E.    Defendants Willfully Engage in Piracy in this District and Beyond**

102.    Defendants' Sites receive a significant number of visitors from consumers and prospective consumers located throughout the United States, including in New York.

26

103.    By the very nature of their illegal businesses, Defendants are well aware of the enormous scope of their infringing activity.  Defendants knowingly and intentionally designed, built, and operate businesses devoted to selling pirated copies of Plaintiffs' and other publishers' copyrighted works.  Defendants have done so, and continue to do so, with the full knowledge that they have not been granted any license to copy, distribute, or sell electronic (or other) copies of Plaintiffs' textbooks.  Defendants have harmed Plaintiffs, including in this District, and are aware, or reasonably should be aware, that they have caused such harm.

104.    Defendants conduct their businesses principally or solely by email and over the internet, making concerted efforts to conceal their true names and physical locations, and frustrating attempts to stop their unlawful activity.  Certain Defendants provide fake U.S.-based addresses to give consumers the false impression that they operate from legitimate locations in the United States.  Others, like 1stebooks.com, falsely claim that they received their eBooks from "leading publishers," even though they illegally obtained and reproduced the Infringing eBooks.

105.    Defendants often advertise that their Infringing eBooks are sold in a manner to communicate that the files are DRM-free.  For instance, megaebooks.info's Site indicates: "Once you pay for the ebook, you can view the ebook at anytime and anywhere. No limitation, no expiration."  Such Infringing eBooks are not only illegally reproduced and distributed, but they can be further reproduced and distributed with no digital security in place that might prevent illegal downstream dissemination.

106.    Some Defendants have gone so far as to create innocuous online "storefronts" to hide the illegal products they sell from the casual visitors (in these instances, the purchaser will typically locate the Infringing Site and the listing for the Infringing eBook by viewing and clicking the link in an online advertisement, such as on Google).  For example, the home page of the

Infringing Site dumanus.com misleadingly implies that the Site sells only novelty t-shirts. However, once a consumer clicks on the "Shop" link, the Site directs the consumer to a product page, which includes eBooks.   Several other Infringing Sites, including genter.store, enent.myshopify.com, and falcous.myshopify.com, make similar attempts to conceal their catalogs of Infringing eBooks in this manner.

107.   Some Infringing eBooks themselves establish that Defendants distributed them without authorization.  For example, pages of the Infringing eBook of Cengage's *Public Finance: A Contemporary Application of Theory to Policy*, 10th Edition, distributed by www.bookscheap.org contain a watermark with the words, "Apago PDF Enhancer," i.e., a software that optimizes PDFs.  The legitimate eBook would never contain such a watermark, which, among other things, obscures the text.  The Infringing eBook of Elsevier's *Hematology: Basic Principles and Practice*, 7th Edition, distributed by aquickshop.online also contains a watermark, which states: "Please support me so I can provide better titles 3LMCJ2JbkoMgxgbtCYHa5k8DpXhAit7i6Y."   The singular Google search result for this alphanumeric code is a link to yet another source of pirated content, which appears to be a website based in Russia.

108.   Similarly, Cengage purchased from the Infringing Sites the following infringing PDF files, which contain proprietary codes indicating that the Infringing eBooks were created from hacked files intended and authorized solely for distribution through Amazon's Kindle service: *American Government and Politics Today*, Brief Edition 2014-2015, from stdbooks.com; *Essentials of Abnormal Psychology*, 8th Edition, from megabooks.info; *Income Tax Fundamentals 2020*, from ebooksmoda.com; *Understanding Computers: Today and Tomorrow, Comprehensive*, 15th Edition, from bookspersonally.com; *Brief Principles of Macroeconomics*, 9th Edition, from

genter.store; *Business Law: The First Course Summarized Case*, 14th Edition, from aquickshop.online; *Case Studies in Health Information Management*, 3rd Edition, from ebookvip.store; *American Government Institutions and Policies*, 12th Edition, from zbooklife.com; and *American Government: Institutions and Policies*, 14th Edition, from ebookmar.com.

109.    Defendants actively continue to expand their illegal businesses, including by adding "new arrivals" to the Infringing Sites, which, of course, represent nothing more than additional infringements.

110.    When consumers buy Defendants' Infringing eBooks, they often see Plaintiffs' trademarks, albeit unauthorized copies thereof, and as a result, are likely to be confused about the source of the books they have purchased, believing, incorrectly, that they originated from Plaintiffs.  Some Defendants also display Plaintiffs' trademarks on their Sites, again without authorization, and creating a false impression of legitimacy.

111.    Defendants' reproduction and distribution of Plaintiffs' valuable copyrighted works, which bear their valuable trademarks, take place without authorization and without compensation to Plaintiffs, their authors, and others in the legitimate chain of commerce.  On the contrary, Defendants' actions described herein benefit them alone, for their own commercial purpose and gain.  Defendants' flagrant piracy steals the fruits of Plaintiffs' and their authors' creative efforts and harms Plaintiffs' ability to sell their textbooks.  Defendants' piracy and unauthorized use of Plaintiffs' trademarks also harms Plaintiffs' goodwill and reputation for quality.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 101 *et seq.*)

112.   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-111 as though set forth fully herein.

113.   Plaintiffs' Authentic Works listed on Exhibit B constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office. At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in such works, which have never been assigned, licensed, or otherwise transferred to Defendants.

114.   Beginning on an unknown date, Defendants, without the permission of Plaintiffs, and with knowledge of Plaintiffs' copyrights, have reproduced the Authentic Works and distributed to the public unauthorized copies of the Authentic Works.  Such reproduction and distribution constitute infringement of Plaintiffs' exclusive rights under copyright pursuant to 17 U.S.C. § 501 in violation of 17 U.S.C. §§ 106(1) and 106(3).

115.   The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

116.   Defendants' unlawful conduct, as set forth above, was willful.  Defendants had actual and/or constructive knowledge that their conduct was unlawful and in violation of Plaintiffs' copyrights.  Defendants acted intentionally and in reckless disregard of Plaintiffs' copyrights.

117.   As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

118.   Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless this Court

restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

119.    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the foregoing paragraphs 1-111 as though set forth fully herein.

120.    At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective Marks listed on Exhibit C, which are valid and protectable trademarks that are registered with the United States Patent and Trademark Office.

121.    Beginning on an unknown date, Defendants have infringed Plaintiffs' federally registered Marks through their use in commerce, without Plaintiffs' consent, of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks in connection with the sale, offering for sale, distribution, and/or advertising of the Infringing Books, and such use is likely to cause confusion, to cause mistake, and/or deceive the public.

122.    The spurious, counterfeit marks on the Infringing Books that Defendants have distributed are identical to and/or substantially indistinguishable from Plaintiffs' Marks that appear on Plaintiffs' Authentic Works.

123.    Defendants have acted intentionally and in reckless disregard of Plaintiffs' trademark rights.  Defendants are intentionally using Plaintiffs' Marks on unauthorized products and infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

124.    Defendants' unlawful conduct, as set forth above, was willful.  Defendants had actual and/or constructive knowledge that their conduct was unlawful and would cause confusion, mistake, or deception.

125.    As a result of Defendants' unlawful conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

126.    Defendants' infringement and counterfeiting of Plaintiffs' Marks, as described above, has caused and will continue to cause irreparable injury to Plaintiffs, including to their reputation and goodwill, for which Plaintiffs have no adequate remedy at law.  Unless this Court restrains Defendants from continuing their infringing activities, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## **PRAYER FOR RELIEF**

By reason of the facts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.    Judgment on the claim set forth above, including that Defendants' infringement of Plaintiffs' Authentic Works was intentional and willful.

2.    Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

3.    An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Infringing eBooks with documents relating to all such purchases and sales;

4.    An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual

damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

5.      An order enjoining Defendants and other appropriate persons or entities under 17 U.S.C. § 502 and Federal Rule of Civil Procedure 65(d) from further infringing and facilitating infringement upon Plaintiffs' respective copyrights;

6.      An order enjoining Defendants and other appropriate persons or entities under 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65(d) from further infringing and facilitating infringement upon Plaintiffs' respective trademarks;

7.      An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' infringement and counterfeiting of their trademarks, as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

127.    An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, Infringing eBook files (and all derivative works thereof), all devices by means of which such Infringing eBooks have been created, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

8.      An order seizing the domain names associated with Defendants' Infringing Sites and turning them over to Plaintiffs;

9.      Prejudgment and post-judgment interest at the applicable rate;

10.     Plaintiffs' attorney's fees, expenses, and costs of suit; and

11.     Such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs hereby request a trial by jury.


DATED:  August 12, 2020                          Respectfully submitted,

By: _____

Vivian E. Kim

Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice* motion to be filed)
Matthew I. Fleischman
Vivian E. Kim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, Fifth Floor
Washington, DC 20016
Tel:  (202) 480-2999
Fax:  (866) 766-1678
matt@oandzlaw.com
michele@oandzlaw.com
fleischman@oandzlaw.com
vivian@oandzlaw.com

*Attorneys for Plaintiffs*